# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| CAROLYN HANS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 16-4117-DDC |
| THE BOARD OF COUNTY COMMISSIONERS OF SHAWNEE COUNTY, KANSAS and SHERIFF HERMAN T. JONES, *in his official capacity*, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the court upon Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 57). Plaintiff seeks leave to file an amended complaint and to amend the pretrial order to assert a claim under 28 U.S.C. § 1983 for a Fourth Amendment violation stemming from what plaintiff contends was an illegal strip search.[1] Because the facts giving rise to the proposed claim were capable of being discovered within the period for amendments established by the scheduling order, the court holds that plaintiff has failed to show good cause to modify the scheduling order. Plaintiff has also unduly delayed in seeking to amend, and this delay would unduly prejudice defendants because discovery has now closed, and defendants have had no opportunity to take discovery on the proposed claim. Because the court denies the motion on the basis of untimeliness, undue delay, and undue prejudice, it declines to consider defendants' futility argument.

---

[1] The court notes that plaintiff's proposed amended complaint also makes numerous changes to the factual allegations previously pled. *See* Defs.' Ex. 1, ECF No. 59-1 (outlining the additional changes made by plaintiff but not mentioned in her motion). These additional amendments are subject to denial for the same reasons stated below.

**I.     Background**

Plaintiff filed her complaint on June 24, 2016, asserting claims under the Americans with Disabilities Act (ADA), 28 U.S.C. § 1983, and under Kansas common law. The events giving rise to these claims occurred in April 2015, when Shawnee County Sheriff's officers responded to plaintiff's 911 call about a domestic disturbance. The officers ultimately arrested plaintiff, who is deaf, and she was subsequently booked into the Shawnee County Adult Detention Center. Plaintiff now seeks leave to assert an additional § 1983 claim for what she contends was a violation of her Fourth Amendment rights when she was strip searched while being booked into the detention center.

On October 5, 2016, the court conducted a scheduling conference and entered a scheduling order setting case management deadlines. The scheduling order provided that all motions to amend the pleadings must be filed by November 30, 2016.[2] That deadline passed without any party moving to amend. After several extensions of time, discovery closed on June 30, 2017.[3] On July 7, 2017, the parties submitted a proposed pretrial order, in which plaintiff attempted to assert for the first time her Fourth Amendment claim stemming from the strip search. Because plaintiff had not previously pled this claim, the undersigned informed her that the claim could not be asserted in the pretrial order and that she would need to move to amend.

**II.    Discussion**

Plaintiff has filed a motion to amend her complaint and to modify the pretrial order. The parties have briefed the issue using the legal standard for motions for leave to amend the pleadings brought under Rule 15. Generally, after a pretrial order is entered, the party moving to amend must seek leave to amend the pretrial order, not the complaint, because the pretrial order

---

[2] Scheduling Order at 8, ECF No. 12.

[3] Order at 1, ECF No. 38.

supersedes the pleadings.[4] In this case, however, plaintiff attempted to assert the claim in the proposed pretrial order, and she raised the issue at the pretrial conference. Under these circumstances, the court will apply Rule 15's more lenient standard for a motion to amend the pleadings rather than the standard for a motion to modify a pretrial order.[5]

However, when the deadline for amending the pleadings has passed, Fed. R. Civ. P. 16(b)(4) is implicated. "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking a modification [of the scheduling order] under Rule 16(b)(4) and (2) satisfaction of the Rule 15(a) standard."[6] Here, the scheduling order imposes a deadline of November 30, 2016, for motions to amend the pleadings.[7] Because plaintiff did not file her motion until July 19, 2017, the court will apply the two-step analysis in determining whether to grant leave to amend.

### A. Rule 16(b)(4)

Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[8] The good-cause standard considers the diligence of the party seeking to amend.[9] To establish good cause, the moving party must show that despite due diligence, it could not have reasonably met the deadline for amendments to the pleadings.[10] "Carelessness is

---

[4] *All West Pet Supply Co. v. Hill's Pet Prod. Div. Colgate-Pamolive Co.*, 152 F.R.D. 202, 204 (D. Kan. 1993).

[5] *See Klaassen v. Univ. of Kan. Sch. of Med.*, No. 13-2561-DDC, 2016 WL 7117183, at *3 (D. Kan. Dec. 7, 2016) (applying Rule 15's standard under similar factual circumstances).

[6] *Gorsuch Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.*, 771 F.3d 1230, 1240 (10th Cir. 2014).

[7] *See* Scheduling Order at 8, ECF No. 12

[8] Similarly, the scheduling order in this case also provides that it "shall not be modified except by leave of the court upon a showing of good cause." Scheduling Order at 11, ECF No. 12.

[9] *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995).

[10] *Carefusion 213 LLC v. Prof'l Disposables, Inc.*, No. 09-2616-KHV, 2010 WL 4004874, at *3 (D. Kan. Oct. 22, 2010).

not compatible with a finding of diligence and offers no reason for a grant of relief."[11] Similarly, lack of prejudice to the nonmovant does not constitute good cause.[12] The party seeking an extension is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline.[13]

Plaintiff fails to address Rule 16(b)(4)'s good-cause standard. Her failure to satisfy this requirement is sufficient ground to deny her motion to amend.[14] However, plaintiff does make arguments regarding the timing of her motion. Plaintiff argues that the deposition of Angelica Hutting on June 21, 2017, was the first time she became aware of the facts giving rise to her proposed claim. Ms. Hutting performed the "book-in" process at the detention center. During her deposition, she testified that Shawnee County had a policy of strip searching all inmates who were placed on suicide watch. Ms. Hutting testified that because plaintiff was placed on a suicide watch, she was strip searched. Although plaintiff characterizes the policy as an unwritten one, defendants note that the policy for strip searching inmates is found in the Shawnee County Department of Corrections Property Officer Post Order. Under the section of the document titled "Search Procedures," the officer is to conduct a strip search of inmates classified as suicidal.[15] Defendants state that they sent plaintiff's counsel a copy of this policy on April 21, 2017, as part of their responses to plaintiff's document production requests.

---

[11] *Deghand*, 904 F. Supp. at 1221.

[12] *Id.*

[13] *Id.*

[14] *Five Rivers Cattle Feeding, LLC v. KLA Envtl. Servs., Inc.*, No. 08-2185-EFM, 2010 WL 2609426, at *3 (D. Kan. June 25, 2010).

[15] Def. Ex. 3 at 6, ECF No. 59-3.

Plaintiff's failure to discover information about the strip search policy until the close of discovery does not amount to good cause when the information appears discoverable from the outset. This court has previously held that a plaintiff does not meet the good-cause standard for a belated amendment when it has in its possession "evidence that should have led it to the information that the proposed claim is based on."[16] Although plaintiff argues that she is a lay person with no formal legal training and "has no idea whether a strip search is illegal,"[17] respectfully, that is why she has retained counsel. Plaintiff was aware at the time she filed suit that she had been strip searched. Had counsel sent a simple document production request seeking all policies regarding strip searches, counsel could have learned the reasons for the strip search within the period for amendments, or at least far sooner than when she sought leave to amend. Instead, plaintiff waited until nearly four weeks after Ms. Hutting's deposition and nearly three months after defendants' production of the written policy before filing this motion to amend. Plaintiff has failed to show good cause under Rule 16(b)(4).

### B. Rule 15(a)

Plaintiff's motion also fails under Rule 15's standard for amendments to the pleadings. When leave of the court is required under Rule 15(a), the court may refuse leave "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[18] Among other things, defendants argue that plaintiff has unduly delayed and that they would be unduly prejudiced by the belated amendment. The court agrees.

---

[16] *Five Rivers*, 2010 WL 2609426, at *2.

[17] Reply to Resp. for Leave to File Am. Compl. at 14, ECF No. 60.

[18] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

### i. Undue Delay

When considering whether a party has unduly delayed, the Tenth Circuit has directed that the court should focus primarily on the reasons for the delay.[19] For example, if the movant was or should have been aware for some time of the facts on which the amendment is based, the court may properly deny leave to amend.[20] Moreover, the longer the delay, the more likely the court will deny the motion.[21] Undue delay alone is a sufficient reason to deny leave to amend.[22] Rule 15(a)'s undue-delay analysis is similar to the good-cause analysis discussed above.[23] As stated above, plaintiff was or should have been aware for some time of the facts upon which the amendment was based; yet, she waited until the final pretrial conference before bringing the issue of a potential amendment to the court's attention. For the same reasons set forth in the discussion of good cause, the court also finds plaintiff has unduly delayed.

### ii. Undue Prejudice

Undue delay without a showing of undue prejudice is a sufficient basis to deny a motion to amend.[24] In this case, however, the court also finds that defendants would be unduly prejudiced were it to grant plaintiff's motion. "Undue prejudice and undue delay are closely

---

[19] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

[20] *Id.*

[21] *Id.* at 1205.

[22] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) ("It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend . . . especially when the party filing the motion has no adequate explanation for the delay[.]").

[23] *Five Rivers*, 2010 WL 2609426, at *3.

[24] *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 512 (D. Kan. 2007).

related."[25] Undue prejudice means undue difficulty in prosecuting or defending a suit as a result of a change of tactics or theories.[26]

Defendants argue that discovery would need to be reopened to prepare a defense to this claim, including potentially reopening plaintiff's deposition. Defendants also state that their expert witness would need to prepare an opinion regarding the necessity and reasonableness of strip searches of inmates on suicide watch. The additional expert and fact discovery associated with the proposed claim would delay this case and potentially cause the parties to incur significant additional costs, which could have been avoided had plaintiff timely moved to amend. For these reasons, the court finds that defendants would be unduly prejudiced if the amendment were allowed.

Because plaintiff has not demonstrated good cause to modify the scheduling order and because defendants have demonstrated that plaintiff has unduly delayed and that they would be unduly prejudiced by the amendment, the court denies plaintiff's motion.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 57) is denied.

**IT IS SO ORDERED.**

Dated August 31, 2017, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge

---

[25] *United States v. Sturdevant*, No. 07-2233-KHV-DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008).

[26] *Minter*, 451 F.3d at 1208.